UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

JULIAN SOSA-ALFARO,                )
                                   )    2:  13-cv-01188-PK
            Petitioner,            )
                                   )
      v.                           )
                                   )    FINDINGS AND RECOMMENDATION
MARK NOOTH,                        )
                                   )
            Respondent.            )

        Anthony D. Bornstein
        Federal Public Defender's Office
        101 SW Main Street, Suite 1700
        Portland, Oregon  97204

            Attorney for Petitioner

        Ellen F. Rosenblum
        Attorney General
        Kristen E. Boyd
        Assistant Attorney General
        Department of Justice
        1162 Court Street NE
        Salem, Oregon 97301

            Attorneys for Respondent


        1 - FINDINGS AND RECOMMENDATION

PAPAK, Magistrate Judge.

Petitioner Julian Sosa-Alfaro brings this habeas corpus action pursuant to 28 U.S.C. § 2254 and challenges his convictions and sentence for several sex crimes.  For the reasons set forth below, the Petition for Writ of Habeas Corpus [2] should be denied, and Judgment should be entered dismissing this action with prejudice.

## PROCEDURAL BACKGROUND

On March 12, 2008, the Washington County Grand Jury returned an indictment charging Sosa-Alfaro with one count of Attempted Unlawful Sexual Penetration in the First Degree, one count of Attempted Sexual Abuse in the First Degree, twelve (12) counts of Sexual Abuse in the First Degree, four (4) counts of Rape in the First Degree and three (3) counts of Rape in the Second Degree. Respondent's Exhibit 102.  Following a bench trial, Sosa-Alfaro was convicted on twelve counts of Sexual Abuse in the First Degree, two counts of Rape in the First Degree, three counts of Rape in the Second Degree, and two counts of Attempted Rape in the First Degree.  The sentencing court imposed a sentence totaling 360 months. Respondent's Exhibit 101.

Sosa-Alfaro directly appealed his convictions and sentence, but the Oregon Court of Appeals affirmed the trial court without a written opinion, and the Oregon Supreme Court denied review. *State v. Sosa-Alfaro*, 236 Or. App. 666, 237 P.3d 898 (20109), *rev. denied* 349 Or. 654, 249 P.3d 543 (2011); Respondent's Exhibits 105-109.

2 - FINDINGS AND RECOMMENDATION

Sosa-Alfaro next filed for post-conviction relief ("PCR") in state court. The PCR trial court dismissed the petition on the State's motion. *Sosa-Alfaro v. Nooth*, Malheur County Circuit Court Case No. 11058778P. The Oregon Court of Appeals dismissed Sosa-Alfaro's appeal and the Oregon Supreme Court denied review. *Sosa-Alfaro v. Nooth*, A150070; Respondent's Exhibits 114-123.

On July 15, 2013, Sosa-Alfaro filed this action. His claims for relief as set forth in his Petition [2] are summarized as follows:

1. The trial court erred by denying defendant's demurrer to Counts 20 and 21 of the indictment.

2. Petitioner's convictions are illegal because the underlying criminal proceedings resulted in a substantial denial of petitioner's rights under ORS 138.530, in that: petitioner was denied due process and a fair trial and a fair sentencing hearing under the Fifth, Eighth and Fourteenth Amendments to the United States Constitution; under Article I, sections 11, 12, 15, 16 and 33 of the Oregon Constitution and the Fifth, Eighth and Fourteenth Amendments to the Unites States Constitution; and petitioner was denied effective assistance of trial counsel under Article I, sections 11 and 33 of the Oregon Constitution and the Sixth and Fourteenth Amendments (due process clause and equal protection clause) to the United States Constitution, during the trial and the sentencing hearing in Washington County Circuit Court Case No. C080617CR, counsel, Scott Lee Sharp, OSB #03143, was ineffective and inadequate when trial counsel failed to demur or at the very least object to the charges of the indictment for being carbon copies of each other, as described in the federal case "Valentine v. Huffman, 285 F.Supp.2d 1011 (2003)", said charges that were carbon copies of each other were counts 3-7, counts 8 and 9, counts 13-19.

3. Petitioner's convictions are illegal because the underlying criminal proceedings resulted in a substantial denial of petitioner's rights under ORS 138.530, in that:

petitioner was denied due process and a fair trial and a
fair sentencing hearing under the Fifth, Eighth and
Fourteenth Amendments to the United States Constitution;
under Article I, sections 11, 12, 15, 16 and 33 of the
Oregon Constitution; Petitioner was denied his right to
be free from cruel and unusual punishment and to a fair
trial and sentencing hearing under Article I, sections
11, 12, 15, 16 and 33 of the Oregon Constitution and the
Fifth, Eighth and Fourteenth Amendments to the United
States Constitution; and petitioner was denied effective
and adequate assistance of trial counsel under Article I,
sections 11 and 33 of the Oregon Constitution and the
Sixth and Fourteenth Amendments (due process clause and
equal protection clause) to the United States
Constitution, during the trial and the sentencing hearing
in Washington County Circuit Court Case No. C080617CR,
counsel, Scott Lee Sharp, OSB #03143, was ineffective and
inadequate when he failed to object to the court using
the charges that are outlined in the indictment for the
Washington County Circuit Court case, case number
C080617CR, to progress petitioner on the Criminal History
Scale up to an A, B, etc. on the scale, which a
conviction cannot be used as a tool to bring the
petitioner up the Criminal History Scale until it is a
conviction and it is not a conviction until the Judgment
is finalized.

4.    Petitioner's convictions are illegal because the
      underlying criminal proceedings resulted in a substantial
      denial of petitioner's rights under ORS 138.530, in that:
      petitioner was denied due process and a fair trial and a
      fair sentencing hearing under the Fifth, Eighth and
      Fourteenth Amendments to the United States Constitution;
      under Article I, sections 11, 12, 15, 16 and 33 of the
      Oregon Constitution; and petitioner was denied effective
      assistance of trial counsel under Article I, sections 11
      and 33 of the Oregon Constitution and the Sixth and
      Fourteenth Amendments (due process clause and equal
      protection clause) to the United States Constitution,
      during the trial and the sentencing hearing in Washington
      County Circuit Court Case No. C080617CR, counsel, Scott
      Lee Sharp, OSB #03143, was ineffective and inadequate
      when he failed to object to the court allowing the
      prosecution to present inferences and presumptions as
      factual when they were not supported by clearly
      established facts.

5.   Petitioner's convictions are illegal because the
     underlying criminal proceedings resulted in a substantial
     denial of petitioner's rights under ORS 138.530, in that:
     petitioner was denied due process and a fair trial and a
     fair sentencing hearing under the Fifth, Eighth and
     Fourteenth Amendments to the United States Constitution;
     under Article I, sections 11, 12, 15, 16 and 33 of the
     Oregon Constitution; Petitioner was denied his right to
     be free from cruel and unusual punishment and to a fair
     trial and sentencing hearing under Article I, sections
     11, 12, 15, 15 and 33 of the Oregon Constitution and the
     Fifth, Eighth and Fourteenth Amendments to the United
     States Constitution; and petitioner was denied effective
     and adequate assistance of trial counsel during the trial
     and the sentencing hearing in Washington County Circuit
     Court Case No. C080617CR, counsel, Scott Lee Sharp, OSB
     #03143, was ineffective and inadequate when he failed to
     motion the court for acquittal based on the prosecutions
     lack of evidence and their relying only on presumptions
     and inference that is not supported by clearly
     established facts.

6.   Petitioner's convictions are illegal because the
     underlying criminal proceedings resulted in a substantial
     denial of petitioner's rights under ORS 138.530, in that:
     petitioner was denied due process and a fair trial and a
     fair sentencing hearing under the Fifth, Eighth and
     Fourteenth Amendments to the United States Constitution;
     under Article I, sections 11, 12, 15, 16 and 33 of the
     Oregon Constitution; Petitioner was denied his right to
     be free from cruel and unusual punishment and to a fair
     trial and sentencing hearing under Article I, sections
     11, 12, 15, 16 and 33 of the Oregon Constitution and the
     Fifth, Eighth and Fourteenth Amendments to the Unites
     States Constitution; and petitioner was denied effective
     assistance of appellate counsel under Article I, sections
     11 and 33 of the Oregon Constitution and the Sixth and
     Fourteenth Amendments (due process clause and equal
     protection clause) to the United States Constitution,
     during the appellate review of Washington County Circuit
     Court Case No. C080617CR, judgment, counsel, Meredith
     Allen OSB #971963, was ineffective and inadequate when
     she failed to present errors to the Oregon Court of
     Appeals regarding petitioner's indictment, which caused
     the judgment to be faulty and deprived the trial court of
     lawful jurisdiction to proceed.

7.   Petitioner's convictions are illegal because the underlying criminal proceedings resulted in a substantial denial of petitioner's rights under ORS 138.530, in that: petitioner was denied due process and a fair trial and a fair sentencing hearing under the Fifth, Eighth and Fourteenth Amendments to the United States Constitution; under Article I, sections 11, 12, 15, 16 and 33 of the Oregon Constitution; Petitioner was denied his right to be free from cruel and unusual punishment and to a fair trial and sentencing hearing under Article I, sections 11, 12, 15,1 6 and 33 of the Oregon Constitution and the Fifth, Eighth and Fourteenth Amendments to the Unites States Constitution; and petitioner was denied effective assistance and adequate assistance of appellate counsel under Article I, sections 11 and 33 of the Oregon Constitution and the Sixth and Fourteenth Amendments (due process clause and equal protection clause) to the United States Constitution, during the appellate review if the Washington County Circuit Court Case No. C080617CR, judgment, counsel, Meredith Allen OSB # 971963, was ineffective and inadequate when she failed to present errors to the Oregon Court of Appeals regarding petitioner's judgment, such as the trial court using convictions that have not been finalized for the purposes to progress the petitioner up the Criminal History Scale.

8.   Petitioner was denied effective and/or adequate assistance of Post-Conviction Counsel as provided by the 6th and 14th Amendments to the United States Constitution and as provided in *Strickland v. Washington*, 466 U.S. 668, 688, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984), and as explained by *Martinez v. Ryan*, ___ U.S. __, 132 S. Ct. 1309, 182 L.Ed.2d 272 92012), when Post-Conviction Counsel, Michael R. Mahoney, failed to file an Amended Petition for Post-Conviction Relief, as requested by Petitioner, that included claims that the sentences Petitioner received were unconstitutional. Petitioner requested Counsel to file claims that have merit and would have been successful, in part or in whole, on post-conviction relief, or at the very least, would have preserved the claims for Habeas Corpus in this case.

9.   Petitioner was denied effective and/or adequate assistance of Post-Conviction Counsel as provided by the 6th and 14th Amendments to the United States Constitution and as provided in *Strickland v. Washington*, 466 U.S. 668 (1984), (and/or Oregon Constitution Article I, Section 11, as explained by Krummacher v. Gierloff, 290 Ore. 867,

872, 627 P.2d 458 (1981)), and as articulated by *Martinez v. Ryan*, ___ U.S. ___, 132 S. Ct. 1309, 182 L.Ed.2d 272 (2012), where Post-Conviction Counsel failed to present a claim that Petitioner's trial counsel was inadequate and/or ineffective for failing to object to, or otherwise address, the court's interpretation and/or application of ORS 137.700 requiring an increase beyond the statutory maximum presumptive sentence applicable in Petitioner's case without additional facts found by a jury. Petitioner's trial counsel should have argued that the statutory text and context of ORS 137.700 cannot be interpreted to require any increase beyond Petitioner's statutory maximum presumptive sentence.

Respondent asks the Court to deny relief on the Petition because: (1) with the exception of Sosa-Alfaro's Ground One claim, he failed to fairly present his claims to the Oregon Supreme Court and they are procedurally defaulted; (2) Grounds Eight and Nine fail to raise a cognizable federal habeas corpus claim; and (3) Ground One was denied in a state court decision entitled to deference. In addition, in response to Sosa-Alfaro's arguments to the contrary, the State maintains the default of Ground Two cannot be excused by either *Martinez v. Ryan* , 132 S.Ct. 1309 (2012) or *Maples v. Thomas* , 132 S.Ct. 912 (2012), and that it is without merit.

## DISCUSSION

### I.   Unargued Claims

Notwithstanding the fact that respondent briefed all the claims set forth in the Petition, with the exception of an ineffective assistance of trial counsel claim alleging counsel failed to file a meritorious challenge to the indictment (Ground

Two), Sosa-Alfaro does not provide argument to support the merits of his remaining claims.

On federal habeas review, Sosa-Alfaro must show that the state court determination denying his claims was contrary to or involved an unreasonable application of federal law as established by Supreme Court precedent. 28 U.S.C. § 2254(d). The Court has reviewed Sosa-Alfaro's unargued claims on the existing record and determined that they do not entitle him to relief. Accordingly, by not advancing these claims in his supporting memorandum, Sosa-Alfaro has failed to meet the burden of proof for habeas relief under § 2254(d) and relief on these claims must be denied.

## II. **Exhaustion and Procedural Default**

### A. **Standards**.

A habeas petitioner must exhaust his claims by presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of those claims. *Rose v. Lundy*, 455 U.S. 509, 519 (1982). "As a general rule, a petitioner satisfies the exhaustion requirement by fairly presenting the federal claim to the appropriate state courts . . . in the manner required by the state courts, thereby 'affording the state courts a meaningful opportunity to consider allegations of legal error.'" *Casey v. Moore,* 386 F.3d 896, 915-916 (9th Cir. 2004) (quoting *Vasquez v. Hillery*, 474 U.S. 254, 257, (1986)). If a habeas litigant failed

to present his claims to the state courts in a procedural context in which the merits of the claims were considered, the claims have not been fairly presented to the state courts and are therefore not eligible for federal habeas corpus review. *Castille v. Peoples*, 489 U.S. 346, 351 (1989).

When a state prisoner fails to exhaust his federal claims in state court and the state court would now find the claims barred under applicable state rules, the federal claims are procedurally defaulted. *Casey*, 386 F.3d at 920; *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991). Similarly, if a federal constitutional claim is expressly rejected by a state court on the basis of a state procedural rule that is independent of the federal question and adequate to support the judgment, the claim is procedurally defaulted. *Coleman*, 501 U.S. at 750; *Cook v. Schriro*, 538 F.3d 1000, 1025 (2008), *cert. denied*, 129 S.Ct. 1033 (2009).

If a petitioner has procedurally defaulted a claim in state court, a federal court will not review the claim unless the petitioner shows "cause and prejudice" for the failure to present the constitutional issue to the state court, or makes a colorable showing of actual innocence. *Gray v. Netherland*, 518 U.S. 152, 162 (1996); *Sawyer v. Whitley*, 505 U.S. 333, 337 (1992); *Murray v. Carrier*, 477 U.S. 478, 485 (1986).

///

///

9 - FINDINGS AND RECOMMENDATION

B.    **Analysis**

Initially, in his Brief in Support, Sosa-Alfaro conceded his Ground Two claim was procedurally defaulted, but maintained any default could be excused pursuant to *Maples* because PCR counsel abandoned him at a critical juncture and/or pursuant to *Martinez* because PCR counsel rendered ineffective assistance in failing to challenge the State's Order to Dismiss during the PCR proceedings. However, in his Supplemental Brief in Support, Sosa-Alfaro abandoned that position in favor of an argument that his Ground Two claim is not, in fact, procedurally defaulted because the PCR court dismissed the claim on the merits for failure to state a claim.[1]

For the reasons set forth below, the Court concludes that even assuming the Oregon courts denied Sosa-Alfaro's Ground Two claim on the merits, he cannot prevail on merits of this claim in federal habeas. Accordingly, the Court will bypass the issue of procedural default pertaining to this claim. *See Lambrix v. Singletary*, 520 U.S. 518, 524-25 (1997)(federal habeas court may bypass question of procedural default to deny claim on merits); 28 U.S.C. § 2254(b)(2)("An application for writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

---

[1]  For its part, the State has withdrawn its argument that the claim is defaulted for lack of appeal. *See* Reply [44], p. 3.

II.    **Merits**

A.    **Standards**

An application for writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was:  (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d). A state court's findings of fact are presumed correct and Sosa-Alfaro bears the burden of rebutting the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent."  *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause, a federal habeas court may grant relief "if the state court identifies the correct legal principle from [the Supreme Court's] decisions, but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413.  The "unreasonable application" clause requires the

11 - FINDINGS AND RECOMMENDATION

state court decision to be more than incorrect or erroneous. *Id.* at 410. The state court's application of clearly established law must be objectively unreasonable. *Id.* at 409.

The Supreme Court has established a two-part test to determine whether a petitioner has received ineffective assistance of counsel. First, the petitioner must show that his lawyer's performance fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 686-687 (1984). Due to the difficulties in evaluating counsel's performance, courts must indulge a strong presumption that the conduct falls within the "wide range of reasonable professional assistance." *Id.* at 689.

Second, the petitioner must show that his lawyer's performance prejudiced the defense. The appropriate test for prejudice is whether the defendant can show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is one which is sufficient to undermine confidence in the outcome of the trial. *Id.* at 696.

B.  **Analysis**

**Trial Counsel Rendered Ineffective Assistance When He Failed to File a Meritorious Challenge to the Indictment for Containing "Carbon Copy" Allegations (Ground Two)**

Sosa-Alfaro contends that his trial counsel rendered ineffective assistance when he failed to demur or object to the charges in the indictment for being carbon copies of each other.

Sosa-Alfaro maintains counsel's failure violated his right to due
process under the Fourteenth Amendment because the indictment
failed to differentiate between counts, and, accordingly, Sosa-
Alfaro was unable to mount a defense against them.  He maintains
the facts in his case are indistinguishable from those set out in
*Valentine v. Konteh*, 395 F.3d 626 (6th Cir. 2005), wherein the
Sixth Circuit determined the indictment there violated the
petitioner's due process rights.

Respondent disagrees and argues the facts surrounding the
indictment in Sosa-Alfaro's case are not comparable to those in
*Valentine* because:  (1) unlike *Valentine* where there was a single
victim, the indictment here named three victims, *i.e.*, each of
Sosa-Alfaro's three biological daughters; (2) the victims here did
not "guesstimate" about the events, but rather provided detail as
to each incident; and (3) "the prosecution outlined an election
prior to the close of the state's case, setting forth an election
for each and every charge based upon the available evidence;
including the victim, the location, and the nature of the sexual
touching."  In addition, respondent notes that with regard to
counts eight through twelve, charging Rape in the First and Second
Degrees, petitioner admitted to those charges.  Moreover,
respondent argues that even if the Court found the facts here
analogous to those presented in *Valentine*, the Ninth Circuit has
not adopted that court's reasoning and it is unclear whether it

remains good law even in the Sixth Circuit.    Reply [44], p. 10
(citing *Lawwill v. Pineda*, 1:08 CV 2840, 2011 WL 1882456 at *2 &
n.4 (N.D. Ohio May 17, 2011).    Finally, respondent asserts that
even if the Court awarded Sosa-Alfaro the same relief rendered in
*Valentine* by vacating his convictions on the duplicate charges, it
is unlikely his sentence would be altered because at a minimum he
had notice of five different crimes and, as noted above, he
admitted to the crimes (First and Second Degree Rapes) set forth in
counts 8-12.    The potential sentence on just those counts far
exceeds the 360 months imposed by the trial court.

The Sixth Amendment provides the accused "shall enjoy the
right ... to be informed of the nature and cause of the
accusation."    U.S. CONST. Amend. VI.    A criminal charging document
must contain the elements of the offense charged, fairly inform the
defendant of the charges that he must defend, and allow him to
plead an acquittal or conviction in bar of future prosecutions for
the same offense.    *United States v. Resendiz-Ponce*, 549 U.S. 102,
108 (2007); *United States v. Russell*, 369 U.S. 749, 763-64 (1962).
The Ninth Circuit has required that the elements be stated with
enough detail to allow the accused to prepare his defense.    *United
States v. Johnson*, 804 F.2d 1078, 1084 (9th Cir. 1986).

The Court concludes the facts here are distinguishable from
those at issue in *Valentine*.    Notably, that court held:

> The problem in this case is not the fact the prosecution
> did not provide the defendant with exact times and

14 - FINDINGS AND RECOMMENDATION

places.   If there had been singular counts of each
offense, the lack of particularity would not have
presented the same problem.  Instead, the problem is that
within each set of 20 counts, there are absolutely no
distinctions made.   Valentine was prosecuted for two
criminal acts that occurred twenty times each, rather
than forty separate criminal acts.  In its charges **and in
its evidence before the jury**, the prosecution did not
attempt to lay out the factual bases of forty separate
incidents that took place.   Instead, the 8-year-old
victim described "typical" abusive behavior by Valentine
and then testified that the "typical" abuse occurred
twenty or fifteen times.  Outside the victim's estimate,
no evidence as to the number of incidents was presented.

*Valentine*, 395 F.3d at 632-33 (emphasis added).  Importantly, this

Court is not limited to reviewing the indictment alone in assessing

notice.   Pursuant to *Valentine*, it may also review evidence at

trial to determine whether the notice requirements have been met.

*Id.* at 634.

The Court has reviewed the record, including the subject

indictment and relevant portions of the transcript.  It notes that

at the close of the State's case, defense counsel asked the State

to elect as to charges Three through Twenty-One.  In so doing, the

State identified:   (1) touching of the vaginal area of Sosa-

Alfaro's middle daughter as having occurred twice at her aunt and

uncle's house in Forest Grove, twice at the trailer in Rose Grove,

and once at Fern Hill (Counts 3-7); (2) Rape One of the same victim

at the aunt and uncle's house in Forest Grove with noted bleeding

and one other time when the victim was under the age of 12 (Counts

8 & 9); (3) Rape Two of the same victim at Fern Hill with bleeding

and two other times when the victim was under the age of 14 (Counts

10-12)[2]; (4) touching the vaginal area of Sosa-Alfaro's youngest daughter as having occurred at age four over the underwear at Fern Hill, once at Gaston under the underwear and two other times at Gaston (Counts 13-16); (4) touching this same victim's vagina with his penis the first time and touching her vagina with his penis when it stopped (Counts 17 & 18)[3]; and (5) Counts 20 & 21 were Rape One charges incidental to Counts 17 & 18. The State's election fairly mirrors the testimony of these two victims at trial and the Court is satisfied that Sosa-Alfaro was provided with constitutionally adequate notice of the charges against him.

Accordingly, Sosa-Alfaro cannot establish on this record that any PCR court denial on the merits of relief on this claim was contrary to or an unreasonable application of *Strickland v. Washington* or that it was based on an unreasonable determination of the relevant facts presented at trial. Indeed, even were the Court to conduct a *de novo* review of the merits of this ineffective assistance of counsel claim, it would conclude the claim is without merit.

///

///

---

[2]   Sosa-Alfaro admitted to having sexual intercourse with this victim at least five times at the Forest Grove and Fern Hill addresses.

[3]   During the State's election, the Prosecutor moved to dismiss Count 19, another charge Sosa-Alfaro touched his youngest daughter's vagina with his penis.

**RECOMMENDATION**

Based on the foregoing, the Petition for Writ of Habeas Corpus [2] should be DENIED, and judgment should enter DISMISSING this case with prejudice.

In addition, the district judge should certify that Sosa-Alfaro has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2). This case is not appropriate for appellate review.

**SCHEDULING ORDER**

The Findings and Recommendations will be referred to a district judge. Objections, if any, are due fourteen (14) days from service of the Findings and Recommendation. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due fourteen (14) days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

**NOTICE**

A party's failure to timely file objections to any of these findings will be considered a waiver of that party's right to *de novo* consideration of the factual issues addressed herein and will constitute a waiver of the party's right to review of the findings of fact in any order or judgment entered by a district

judge.    These  Findings  and  Recommendation  are  not  immediately
appealable  to  the  Ninth  Circuit  Court  of  Appeals.    Any  notice
of  appeal  pursuant  to  Rule  4(a)(1)  of  the  Federal  Rules  of
Appellate  Procedure  should  not  be  filed  until  entry  of  judgment.

DATED this ___29th___ day of May, 2015.

Paul Papak
United States Magistrate Judge